CLEMENT A. AUFFMORDT AND OTHERS *vs.* CATHERINE STEVENS.

S was indebted to the plaintiffs by a note then overdue of $2,300, endorsed by the defendant and secured by mortgage. The defendant wrote the plaintiffs proposing that the sum be divided into four parts and new notes made for the same payable in six, twelve, eighteen and twenty-four months, with interest. The plaintiffs accepted the proposition, with the provision that the mortgage security was not to be affected. Held that the new notes were not to be regarded as merely collateral security to the original note, but as an extension of time on the original note.

The question as to the intent of the parties, as shown by the correspondence, held to be wholly one of law for the court.

Auffmordt *v* Stevens.

BILL for a foreclosure; brought to the Superior Court in Fairfield County. Facts found by a committee and decree passed, (*Culver, J.*) Motion in error by respondent. The case is sufficiently stated in the opinion.

*J. H. Perry,* for the plaintiff in error.

*H. S. Sanford,* for the defendants in error.

PARK, C. J. The question in this case turns upon the construction to be given to the contract made between the parties by the following correspondence:

"Norwalk, January 21st, 1876. Messrs. C. A. Auffmordt & Co., New York. I ask your kind consideration of the following proposition regarding the note of James L. Stevens you now hold for some twenty-three hundred dollars, endorsed by me, namely, that it be divided into four notes of equal amount and payable with interest, as follows: the first payable August 15th, 1876; the second, February 15th, 1877; the third payable August 15th, 1877; the fourth February 15th, 1878. I am too old a person for trouble of this kind, and your acceptance of this proposition would greatly oblige me, and it shall in no way affect the security you now hold.
Catharine Stevens."

"New York, March 2d, 1876. Mrs. Catharine Stevens, Norwalk, Conn. Madame:—In reply to your letter, dated January 21st, 1876, we accept the proposition therein contained, upon the express understanding and agreement that by giving the time requested the security we now hold shall in no way be affected. We have received the four notes made by you, dated February 15th, for $606.70 each, and interest, payable in six, twelve, eighteen and twenty-four months. Please acknowledge receipt of this letter.
C. A. Auffmordt & Co."

The construction given by the court below to the contract made by this correspondence was that the four notes of Catharine Stevens were to be taken merely as collateral security of the original note of James L. Stevens. We think the court erred in this construction of the contract. The

original note of Stevens was then overdue, and if the four notes were to be given as collateral security merely, nothing would be gained by Mrs. Stevens by the arrangement. The original note could have been sued at any moment in the same manner as before the contract was made, and the property could at any time have been foreclosed. Manifestly the object of Mrs. Stevens was to prevent this being done. She desired to pay the original note by installments at stated times, and for want of a better mode she proposed to give four notes, each for the amount of an installment, with a time fixed when it should be paid. The petitioners so understood her proposition; for they state in their letter of acceptance that by giving the time requested their security was not to be affected. They understood therefore that they were binding themselves to receive payment of the original note in installments as requested.

We think the contract should be construed as though it had stated in express terms that for a certain consideration Auffmordt & Co. agree with Catharine Stevens that she shall have the right to pay the note of James L. Stevens in four equal installments with periods of six months between them. Such an agreement would not disturb the security which had been given on the original note, for all the petitioners would be required to do would be to forbear suing the original note or bringing a petition for a foreclosure of the mortgage given to secure it, until the installments became due.

The contract was collateral to the original note altogether, and merely required the petitioners to forego exercising their original rights for a time. This construction is in harmony with the manifest intent of the parties.

We do not agree with the petitioners' counsel that the question with regard to the intent of the contract as shown by the correspondence was one of fact, and therefore that the finding of the committee is conclusive of the question. The construction of written instruments, and of contracts in writing, to be wholly derived from the documents themselves, is always a question of law to be determined by the court. *School District* v. *Lynch*, 33 Conn., 333; *Wooster* v. *Butler*, 13 Conn., 318; *Jennings* v. *Sherwood*, 8 Conn., 127.

Only two of the installments were due when this petition was brought, but they are all now due. We think therefore on an amended bill the petitioners will be entitled to a decree for the entire amount of their claim.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.